## PATTERSON v. WELCH.
### No. 5480.

Circuit Court of Appeals, Fourth Circuit.
June 14, 1946.

W. A. Hall, Jr., of Richmond, Va., for appellant.

George R. Humrickhouse, Asst. U. S. Atty., of Richmond, Va. (Harry H. Holt, Jr., U. S. Atty., of Norfolk, Va., on the brief), for appellee.

Before GRONER, Chief Justice, U. S. Court of Appeals for District of Columbia, and SOPER and DOBIE, Circuit Judges.

### PER CURIAM.

This appeal is taken from an order of the District Court whereby the petition of the appellant for writ of habeas corpus was dismissed after hearing at which the appellant testified in support of the allegations of his petition. He alleged and testified that in June, 1926 he was indicted for murder in the District Court of the United States for the District of Columbia and upon arraignment pleaded not guilty; that in November, 1926, when he was represented by an attorney of his own selection, the plea of not guilty was withdrawn and a plea of murder in the second degree was entered and he was sentenced to prison for life. Thereafter he was confined in the District of Columbia Reformatory at Lorton, Virginia, and was still in custody when he sued out the writ.

Release on habeas corpus was sought on the ground that the plea of guilty was entered for him by his attorney without his consent and against his will; that he was advised by his attorney that under the plea of guilty he would receive a sentence of not more than twenty years and that it was advisable for him to enter the plea for otherwise he might be convicted of murder in the first degree and sentenced to death, and that he was an illiterate and ignorant man who did not understand the nature of the proceeding. He further testified that he was unwilling to enter the plea but that the attorney took the matter out of his hands and entered the plea for him.

It is conceded that if the testimony given by the appellant should be accepted as true, the trial in the District Court for the District of Columbia should be declared a nullity and the prisoner released. But the testimony was denied in all substantial parts by his attorney who testified not only that the plea was willingly and knowingly entered, but that the presiding judge of the District of Columbia Court had a long talk with the prisoner and explained the nature of the plea of guilty which the prisoner proposed to enter. In short, the issue before the District Court in the pending case was one of fact and the District Judge, after hearing the evidence, was of the opinion that the detention of the petitioner was not unlawful and ordered that the petition be denied and the writ of habeas corpus discharged. Unquestionably there was substantial evidence to support the judge's finding and the judgment will therefore be sustained. Any relief for the appellant, who has served twenty years in prison, must be sought at the hands of the parole or pardoning authorities.

Affirmed.